Mr. Kershaw, you may proceed when you are ready. May it please the Court, Bradley Kershaw on behalf of the Appellant Chad Menter Hill. Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality. That's the United States Supreme Court decision of Taylor v. Freeland and Kranz 503, United States Reporter 638 at page 644, 1992. I'd ask the Court to keep that in mind as I discuss this case. I represent a debtor appealing from an order of the Bankruptcy Court. He had filed a Chapter 7 case and he was denied the bankruptcy discharge after an adversary case brought by the United States trustee. That case was brought pursuant to a retroactively extended deadline. The Federal Rules of Bankruptcy Procedure set a deadline, it's Rule 4004A, that any objection to a debtor obtaining a discharge in a bankruptcy case be made by motion for cause prior to the deadline for objecting. That deadline is set at 60 days from the first date set for the meeting of creditors in the bankruptcy case. Up until 2011, that Rule 4004 governed that motion for cause prior to the original deadline and the only other provision was Section 727 of the Bankruptcy Code, which governed what needed to be done to revoke the debtor's discharge after entry of the discharge. Entry of the discharge is generally entered at 60 days, again, from the date of the conclusion of the meeting of creditors. Now, in bankruptcy practice, there are occasions where the court will defer entry of the discharge. And what that means is perhaps that the debtor did not fully comply with all the requests of the bankruptcy trustee for documentation. The trustee asked the court to please defer the discharge and then it is not entered at that point 60 days after the first meeting of creditors. And so in 2011, it came to a head where there was this gap period. So in that situation where the old 4004, the motion had to be made prior to the original deadline and the only other option was under Section 727, which only applied after entry of the discharge, there could be a gap. And in that period, there were some courts that looked at that and tried to fashion remedies to fill that gap. None that are really relevant because what happened is that the bankruptcy rules were amended. And the amendment to 4004b2 is what we're talking about here. Now, the important, the issue that arose in this particular case is that the United States trustee, again, brought its motion after the original deadline. And 4004b2 requires that in that situation, the movement has to show one fax that if proven would form the basis for revocation. of discharge if made pursuant to 727 and that the movement did not have knowledge of those fax in time to object under the original deadline. And then a third point is that the motion has to be made promptly after discovery of those fax. In this particular case, the fax are important because there was a motion that was filed by a creditor who was a court-appointed receiver appointed by a Florida court who filed a motion prior to the deadline. That motion was served on the United States trustee and was very specific and it was verified under oath. And it contained information, again, very specific, talking about the receiver, this creditor being a court-appointed receiver. The receiver's investigation showed that the debtor received over $300,000 in payments from an entity that he controlled during 2013 and 2014. A total that significantly exceeds the roughly $20,000 reported by the debtor on his petition and supporting schedules. The next paragraph, and this is at appendix page 86. The next paragraph sets out examples and it puts it in the form of two columns. What was reported and what does the evidence show that's being verified by the attorney for the receiver. And so in the usual course, this was filed as electronically served on the United States trustee's office. This creditor was bringing the motion under rule 4004B1 prior to the original deadline, received an extension, and asked for another one. In the meantime, the original deadline passed. That extension was only to this particular creditor, it did not include the United States trustee. And after the deadline passed, a few months after the deadline passed, the United States trustee brought a motion under 4004B2. Counsel, at the time the trustee was served with the receivers, the information you just read, the verified information you just read, would the trustee have had enough information to be able to make an objection? I think absolutely, your honor. Because it's one, very detailed. Two, it's sworn. And I know that the U.S. trustee, the counsel for the U.S. trustee said, well, we have rule 11 obligations. And we couldn't just cut and paste this, but I disagree. Rule 11 is flexible. And it's based on the circumstances that are confronted by the party and that party's attorney, including the deadline for filing. So if an attorney has six days to file, has information that's reliable in the fact that it's detailed enough, and it's sworn under oath, that certainly would qualify as being appropriate under rule 11. Even if the trustee had no independent knowledge to verify any of these obligations, they would have had to take the, sort of the, not the advice, but the allegations of a third party here? They would be taking the sworn statement of essentially a witness. The U.S. trustee could say, well, here's a witness. Here's a creditor. Somebody who knows what this is about. They've sworn under oath that this is true. And it has sufficient detail for us to meet the rule 9 fraud standard. Because it sets forth in the petition. The debtor claimed $17,794 of income for 2013. The bank records show $61,605. 2014, $4,942 claimed by the debtor. And the bank records show $262,147. The reason why I ask the question is because it seems like that's what the bankruptcy court was really getting at. I think the district court added a lot of detail to what the bankruptcy court had done. And, you know, it's justifiably so. Because the bankruptcy court ruled from the bench. And there wasn't, it was a little confusing as to what the bankruptcy court was doing. But I think that that's what the bankruptcy court was getting at. It was not necessarily the timing in between the six days. But it was the fact that at that particular point in time, without doing further investigation, the trustee may not have had enough information to file an objection. It sounds like you disagree with that. I disagree with it. But I also think that it's an abuse of the bankruptcy court's discretion to make that finding. And the reason being is because there was absolutely no evidence to support it. So the motion itself brought by the Council for the United States Trustee is starting at page 72 of the appendix. And on page 73 of the appendix, paragraphs 6 and 9 really seem to be the only ones that have any sort of factual allegations, any sort of testimony that should have evidentiary value for what it's worth on paper. Because it was, in fact, verified, sworn under oath. But all it says is that on March 10, 2015, Burton W. Wyand, as receiver for TriMed Corporation, filed an application for an order authorizing a Rule 2004 examination of the debtor and enlargement of deadlines to object to discharge and dischargeability of the debts. It moves on to talk about some procedural issues. And at 9, paragraph 9 says, Shortly before Rule 2004 examination was scheduled to occur, the United States Trustee became aware of the debtor's case and the Rule 2004 examination. Nowhere in this verified motion is there any statement that said, we didn't have enough time based on this timeline. It sets forth very briefly the timeline, but it does not say our office is not equipped to be able to turn evidence into a complaint in six days. There's absolutely no testimony on which the bankruptcy court could have made that finding a fact, that six days was insufficient for the United States Trustee to be able to act. What about the ordering of the Rule 2004 examination itself? I mean, I think what the phrase was, that's the whole point of doing that is to get some more information. Is that enough for that conclusion, enough from the bankruptcy court? No, Your Honor. The purpose of the 2004 examination, one was it was granted to a creditor as opposed to the United States Trustee's office. But there's certainly no basis there. I want to actually cite the standard that's used in bankruptcy courts. This is a quote from an Eighth Circuit bankruptcy appellate panel case. It says, the bankruptcy court cannot take cosinescence of fact assertions that are not under oath. And that's the Hansmeier v. McDermott case. It's cited, I know, at least in the appellee's brief at 558 Bankruptcy Reporter 299. Again, Eighth Circuit bankruptcy appellate panel 2016. And essentially what that says is, we're not going to take your written arguments that aren't under oath, and we're not going to take your oral statements that are not under oath as evidence when we're dealing with motion practice. And so the district court seemed to find a record in the transcript of Mr. Kreitziger, who was counsel for the U.S. Attorney's Office, arguing that motion as a valid evidentiary basis for a decision that the bankruptcy court did not need to resolve this legal issue of what Rule 2000, or I'm sorry, 4004b2 really means when it talks about knowledge. Bankruptcy court said we don't need to because, although I'm making a finding, that's not necessary because six days was not enough. And that could only have been based on unsworn arguments made by counsel for the U.S. trustee at the hearing. That's not evidence, at least according to what the bankruptcy appellate panel for the Eighth Circuit says. And I think that that in itself is an abuse of discretion. The standard that's set forth in the city of Duluth versus the Fond du Lac Chippewa tribe case under the Eighth Circuit talks about what is abuse of discretion. And one of the possibilities is giving weight or credibility to something that should not be given weight or credibility. And in this particular case, what should not have been a basis for the bankruptcy court making a finding that six days was not enough, regardless of whether we're talking about constructive notice or actual notice, is unsworn arguments or just things that perhaps the court knows from practice. But again, not a basis, not an evidentiary basis, and certainly not, I don't believe the court indicated that it was taking judicial notice under Federal Rule of Evidence 201 of anything. So it's simply a factual finding without any basis. It was an abuse of discretion, and I'd hope to be able to save the last minute and a half for rebuttal, although I feel that there is quite a bit more to say. All right. We have a minute and a half left.  Thank you. Good morning. I'm Wendy Cox, and I represent the United States trustee. So what this appeal really boils down to is whether the bankruptcy court abused its discretion in making the finding that even if the United States trustee had knowledge of the contents of the receiver's motion for an extension on the day that it was filed, so even if he had constructive knowledge, actual knowledge, if he had knowledge, that that knowledge was insufficient for the United States trustee to file a complaint by the objection deadline. Now, the bankruptcy court made that finding. It was based on the evidence, and the district court, in a very well-written, well-reasoned opinion, found that that was not clear error. That finding was made, actually, at the same hearing, at the very same hearing where Dr. Hill was present and at the very same hearing, and it was made in response to his argument that the receiver shouldn't get an extension of time because the receiver had had enough information way back on March 10th to file a complaint. Dr. Hill argued that, but the bankruptcy court looked at the motion as it was entitled to do and used its discretion to determine that there wasn't enough information. The receiver was in a far different position from the United States trustee. The receiver actually had personal knowledge of what was in his motion filed on March 10th. The United States trustee had none. The receiver made the point that this was a very complicated transaction. There was money flowing through different entities. It was back and forth, and it was not entirely clear what the purpose was of these various things. The United States trustee had to assure itself that the bankruptcy court found that even the receiver didn't have enough information. Even the receiver needed to examine Dr. Hill to determine whether, in fact, he could file a complaint. The United States trustee had even less knowledge. It was not an abuse of discretion for the bankruptcy court to determine that the United States trustee did not have enough knowledge. What changed after the examination? What did the trustee learn that finally enabled it to ask for the extension and ultimately file an objection? Well, the trustee actually learned all of the facts. He actually learned for the first time about this fraud at the examination. Prior to that, he didn't have any actual knowledge, and the bankruptcy court found that. But what the receiver said, it was important for the United States trustee and also for the receiver, is they had to understand exactly where the money was going, where the different transactions were going. But they also had to understand the intent because Dr. Hill received some of the money legitimately from his company. He had a salary. There were various potential innocent reasons why some of the money might have flowed to Dr. Hill and back again. So really the bankruptcy court found that really there wasn't enough information for the receiver to be able to file a fulsome complaint at that point. And that if the receiver had tried to file a complaint at that point in time prior to the Rule 2004 examination and the additional documents that were produced in association with that, that the complaint might have been subject to dismissal under Rule 8 or even Rule 9. So it's really the nature of the transactions, where the money was flowing, how they were structured, that the trustee was unsure about, even if the trustee had knowledge of what was in the receiver's information. Yes, the nature of the transaction. And keep in mind, this is fraud. This was a sophisticated fraudulent scheme. They're trying to hide the nature of the transactions. But the United States trustee had, you know, you were discussing the Rule 11 obligations. The United States trustee had to ensure himself, even if he had had prior knowledge, which he didn't, had to ensure himself that this actually did, you know, that there were no other explanations. He had to do a reasonable investigation and determine that these were indeed the facts. I think it's, I don't think that it's, that the Rule 11 or Rule 9011 in the bankruptcy context anticipates that somebody will simply take the allegations filed by somebody else without any supporting documents. Just, sure, it was verified, but Rule 11 requires more than that. Well, let me ask you this, and excuse my ignorance of bankruptcy procedure, but could the trustee have filed an objection once the information from the receiver came in and then amended the objection later on after the examination? I think, well, I don't know that the receiver could have. I don't think the United States trustee would have, again, with the Rule 11 obligations, whether, and that's assuming that he had actual knowledge, which he didn't. Right. But that just, yes, I think that would have been an insufficient complaint. The bankruptcy court talked about how it wasn't, how the court felt that it was not appropriate for someone to file an insufficient complaint that didn't give the defendants enough details about what was being alleged, and that's the reason why a complaint couldn't have been filed at that time. Counsel, what about the, let me start over. It did catch my attention that there was no evidentiary hearing on this issue, and in the transcript, when we read the bankruptcy judge's statements, he talks about an evidentiary hearing, kind of toys with the idea of evidentiary hearing, but then in the final analysis says it would not have been, would have not added anything, would have not been constructive or useful. But what about this argument that the court, that it was improper to just assume that there was not enough time or not enough information, that there should have been some testimony and a record developed on the circumstances that faced the trustee? So I think there's a couple of different issues there. The first issue is that that particular argument that there wasn't evidence on whether there was enough information in the receiver's motion wasn't raised in the bankruptcy court. It wasn't raised in the district court either. The, Dr. Hill did ask for an evidentiary hearing. Dr. Hill asked for an evidentiary hearing on the issue of when actual, not when the United States trustee acquired actual knowledge. So I think if you were to look, I have the, you know, if you were to look in the transcript, it's on page 55 of the transcript, 194. It's pretty clear that Dr. Hill is asking for this evidentiary hearing for this particular reason. He says, one is that the standard is constructive knowledge. Constructive knowledge is sufficient, but in the alternative, if the standard is actual knowledge, then it's going to require an evidentiary hearing to determine whether or not anyone at the United States trustee's office had actual knowledge. So the bankruptcy court, that was sort of the reason why the bankruptcy court, when it determined that actual knowledge, that even if the standard wasn't actual knowledge, if constructive knowledge could be considered knowledge for the purposes of the rule, which the government doesn't agree with, then that's why the bankruptcy court said that, okay, I'm going to give you that issue. We'll assume that it can be constructive knowledge. Then I don't need, we don't need to hold an evidentiary hearing because there's not a dispute as to that fact. The other point I'd like to make about that is, as I explained earlier, that determination was sort of made at this same hearing, but earlier in the context of the colloquy between the receiver and Dr. Hill and the bankruptcy court. And Dr. Hill didn't object there. Dr. Hill didn't say, wait, there's no evidence of this. We need an evidentiary hearing. Dr. Hill asked for a ruling on that because he was trying to oppose the receiver's motion for a second extension. So he didn't object to it there either. And really the third point is that really 9014 says that you really only need an evidentiary hearing if there is a genuine issue of material fact. And so in this case, there really wasn't any dispute. The bankruptcy court didn't rely on anything that the United States trustees said at the hearing. The bankruptcy court had already decided this issue before the United States trustees started speaking. The bankruptcy court relied on her own knowledge of the motion and the motion's contents and the transactions and that kind of thing. There really wouldn't have been anything for Dr. Hill to cross-examine the United States trustee about had it decided to hold an evidentiary hearing. And really the practice in bankruptcy, there are so many motions, so many that kind of thing, is that lots and lots of motions are decided without evidentiary hearings. If the bankruptcy court had to hold an evidentiary hearing any time someone said, you know, I disagree or I don't believe you, it really wouldn't be able to function. So that's not at all uncommon. So on the last, you've offered three reasons. On the last one, would you just summarize by saying that we could say that there were no facts in dispute? Yes. That's fair. If there are no other questions, I pass this. All right. I look forward to affirming the judgment. Thank you. Counsel, you have one minute and 37 seconds, not one minute 38 seconds. You have one minute 37 seconds. Thank you, Your Honor. Going back to the rule itself, there's an important distinction between what the receiver and what the U.S. trustee had to meet as far as a burden for their motion. The receiver had to meet the cause burden and the U.S. trustee had to meet the no knowledge and promptness or diligence standard because of what the rule required. Two very different things. And it's important to understand that this court, in the case of MidTech Consulting v. Suendra, 938 Federal 2nd, 885, 1991, 8th Circuit, set forth a diligence standard that had to do with constructive knowledge for the analysis under Section 727 for revocation of discharge. The history, not the legislative history, but the rules history, which is provided at the addendum to the reply brief, specifically states that the committee decided that the purpose of the amendment is to arrive at the same result as would occur if the discharge were entered promptly after the expiration of the Rule 4004A deadline and thus no gap existed. In that situation, 727D would determine whether acts committed or discovered after the discharge would provide a basis for revocation. That's the basis for bringing the MidTech v. Suendra analysis into 4004B2. And there was no evidentiary issue because there was no evidence that the United States trustee brought that was credible evidence to support its motion. Therefore, there should have been no need to have any cross-examination because, again, the court requires sworn statements, not just argument of counsel at hearing. Thank you. Thank you, counsel. The matter has been well argued and the case is submitted. Does that conclude our business this morning? It does. All right. We will be in recess until 9 a.m. tomorrow morning.